IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jarmanjit Singh

Petitioner,

v.

Unknown Party, *et al.*,

Respondents.

No. CV-26-02139-PHX-JJT (ASB)

**ORDER**

By Order dated March 26, 2026, the Court ordered Respondents to show cause for why the Petition pursuant to 28 U.S.C. § 2241 (Doc. 1) should not be granted. (Doc. 5). Upon review of the briefing (Docs. 7, 8), the Court will grant the Petition and order Petitioner's immediate release from custody.[1]

**I.    BACKGROUND.**

Petitioner is a native and citizen of India. (Doc. 1 at 1). Petitioner first entered the United States in February 2023, and was detained by immigration officials shortly thereafter. (*Id.*). Petitioner was issued a Notice to Appear, and released on his own recognizance. (*Id.*; Doc. 7 at 2). On January 5, 2026, Petitioner was re-detained by immigration officials, and remains detained as of the date of this Order. (*Id.*).

In his Petition, Petitioner asserts that: (1) his re-detention violates the Fifth Amendment; (2) his continued detention is in violation of statute; (3) his continued detention violates the INA; (4) he was arrested in violation of the Fourth Amendment; and (5) his continued detention violates the APA. (Doc. 1 at 12-19). Respondents assert that

---

[1] Petitioner has also filed a Motion to Expedite. (Doc. 9).

Petitioner was not entitled to a pre-deprivation hearing before being re-detained, and that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225.  (Doc. 7).

**II.    DISCUSSION**.

As an initial matter, the Court finds that Respondents have not discharged their obligations under the Court's Order to Show Cause (OSC) or 28 U.S.C. § 2243.  Title 28, section 2243 provides that when a court directs a respondent to show cause for why a writ pursuant to § 2241 should not be granted, the respondent "shall make a return certifying the true cause of the detention." 28 U.S.C. § 2243.  Echoing this statutory directive, the Court's OSC directed that "[a]ny response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury." (Doc. 4 at 2).

Here, however, Respondents have provided no evidence at all.  Accordingly, and at a minimum, Respondents have failed to demonstrate that Petitioner is properly and mandatorily detained pursuant to 8 U.S.C. § 1225, or that his arrest was not in violation of the Fourth Amendment.  The Petition can thus be granted on this basis alone.  28 U.S.C. §§ 2241(c)(1), 2243.

In any event, the Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. CONST. Amend. V. It is well established that the Due Process Clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Court's due process analysis is separated into two steps: "[F]irst[, the Court] ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so[, the Court] ask[s] whether the procedures followed by the [government] were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

**A. Statutory Classification and Corresponding Liberty Interest**.

"A noncitizen's place within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he

wishes to contest the necessity of his detention." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) (cleaned up).  Here, Petitioner contends that he is properly classified under 8 U.S.C. § 1226(a). (Doc. 1 at 9-11).  Respondents disagree, insisting "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225." (Doc. 6 at 4).  The Court disagrees.

While Respondents likely treated Petitioner as an arriving alien when he was initially detained in February 2023, and could have subjected him to mandatory detention under § 1225(b), Respondents concede that DHS authorities released Petitioner "into the United States and released ***on his own recognizance***." (*Id.* at 1) (emphasis added).  "[T]he phrase 'release on recognizance' [i]s another name for 'conditional parole' under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).  Hence, Respondents' argument that Petitioner is subject to § 1225 or that somehow an immigration official made a mistake after-the-fact is unavailing.

Because the Court finds that Petitioner was granted conditional parole under § 1226(a), it finds, as a growing number of our sister districts have held, "that individuals like Petitioner who were released from immigration detention on an order of recognizance have a liberty interest in that release."  *Singh v. Unknown Party*, No. CV-26-00483-PHX-JCH (CDB), 2026 U.S. Dist. LEXIS 61597, at *5 (D. Ariz. Mar. 24, 2026) (citing *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1046 (E.D. Cal. 2025) ("Petitioner's release from custody in January 2024 and ties to his community provide him with a protected liberty interest."); *Colman-Randas v. Cantu*, No. CV-25-03594-PHX-MTL (ASB), 2026 U.S. Dist. LEXIS 45216, at *3–4 (D. Ariz. Mar. 5, 2026) ("But 'the government cannot switch tracks and subject Petitioner to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioner in removal proceedings under section 1229a and released her on her own recognizance under section 1226(a).'") (cleaned up) (quoting *Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025)); *Carcamo v. Noem*, No. 2:26-cv-00463-RFB-MDC, 2026 U.S. Dist. LEXIS 45025, at *5 (D. Nev. Mar. 5, 2026) ("Because Petitioner was not placed into expedited removal proceedings, but rather placed into standard proceedings under § 1229a, and was previously released by immigration authorities on an

OREC pursuant to 8 U.S.C. § 1226, Petitioner's detention is governed by § 1226[.]"); *Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP (HC), 2025 U.S. Dist. LEXIS 258056, at *13–14 (E.D. Cal. Dec. 13, 2025) ("Having elected to proceed with full removal proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited removal proceedings.") (quoting *Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 U.S. Dist. LEXIS 163056, at *11 (N.D. Cal. Aug. 21, 2025)).

While "reviewing courts . . . are generally not free to impose [additional rights] if agencies have not chosen to grant them," *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022) (cleaned up), "[g]overnment actions may create a liberty interest entitled to the protections of the Due Process Clause." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (citation omitted). Therefore, upon Petitioner's release, he gained a liberty interest in his release.

### B. Proper Procedural Process.

Because Petitioner has a liberty interest in his release, the Court must now determine what procedures are required to overcome it.  To do so, the Court applies the three-part *Mathews v. Eldridge* test.  Under the *Mathews* test, the Court considers:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

As to the first factor, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Addington v. Texas*, 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *Hernandez v.*

*Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."); *Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) ("Arbitrary civil detention is not a feature of our American government. 'Liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'") (cleaned up) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)); *cf. Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) ("The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review") (citing *Boumediene v. Bush*, 553 U.S. 723, 781–83, 786 (2008)).  This factor favors Petitioner.

Turning to the second factor, "[w]here an individual has not received a bond or redetermination hearing, the risk of an erroneous deprivation [of liberty] is high." *Aceros v. Kaiser*, No. 25-cv-06924-EMC (EMC), 2025 U.S. Dist. LEXIS 179594, at *33 (N.D. Cal. Sep. 12, 2025) (citation omitted).  The Court finds that there is a significant risk of erroneous deprivation if a noncitizen released upon their own recognizance may be re-detained without a neutral decisionmaker analyzing whether re-detention is warranted. Hence, this factor also favors Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).  Further, detention hearings in immigration courts are commonplace and impose a "minimal cost."  *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal., 2025); *Abduraimov v. Andrews*, No. 1:25-CV-00843-EPG-HC, 2025 WL 2912307, at *7 (E.D. Cal. Oct. 14, 2025) ("Courts generally have found that the cost of providing a bond hearing is relatively minimal, and there is nothing in the record before this Court demonstrating that providing Petitioner with a bond hearing would be fiscally or administratively burdensome."); *cf. Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017) (noting that "[t]he costs to the public of immigration detention are 'staggering': $158 each day per

detainee, amounting to a total daily cost of $6.5 million. Supervised release programs cost much less by comparison: between 17 cents and 17 dollars each day per person"). In any event, "[d]etention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). This factor thus also favors Petitioner.

The Court therefore finds that the *Mathews* factors weigh in favor of finding that Petitioner was entitled to a hearing before he was re-detained and placed in DHS custody. Accordingly, the Court will direct Respondents to immediately release Petitioner. 8 C.F.R. § 212.5(e)(2)(i); *see also Singh v. Unknown Party*, No. CV-26-00483-PHX-JCH (CDB), 2026 U.S. Dist. LEXIS 61597, at *9 (D. Ariz. Mar. 24, 2026) ("The Court finds that immediate release, rather than requiring another bond hearing, is the appropriate remedy.").

**IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(2)    Respondents must **IMMEDIATELY RELEASE** Petitioner from custody under the same conditions that existed before his re-detention.

(3)    Respondents shall provide a Notice of Compliance within **THREE (3) DAYS** of this Order.

(4)    Petitioner's Motion to Expedite (Doc. 9) is **denied as moot**.

(5)    The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 28th day of July, 2026.

Honorable John J. Tuchi
United States District Judge

- 6 -